UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William C. McKinnedy, III. ) | C/A No.  6:08-3169-HMH-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mrs. Cecil Reynolds, Warden at Kershaw ) | |
| Correctional Institution; ) | |
| Mr. Robert (Bob) E. Ward, Regional Director; ) | |
| Jon E. Ozmint, Director of SCDC; ) | |
| Mark Sanford, Governor of South Carolina; ) | |
| Mike Fair, Senator of South Carolina; ) | |
| Henry Dagon McMaster,  Attorney General; ) | |
| John D. McLeod, Administrative Law Judge; ) | **Report and Recommendation** |
| Barton Jon Vincent, Staff Attorney; ) | **for Partial Summary Dismissal** |
| Ms. Mary Coleman, Grievance Branch Chief; ) | |
| Ms. Sandra Bowie, Grievance Branch Assistant; ) | |
| Ms. A. Hardin, Grievance Clerk; ) | |
| Mrs. A. Sellers, DHO Captain ; ) | |
| Jerome Armstrong; Counsel Substitute; ) | |
| NFN Robinson, Investigator; ) | |
| James Wakeley; Contraband- Cpl./Sgt.; ) | |
| NFN Beckwith, Associate Warden for Security; ) | |
| James Baytes, Commissary; ) | |
| Robert (Bob) Huggins, Commissary; ) | |
| Darwin Neisman, Major of Security; ) | |
| Jerry Washington, Major/Asso. Warden; ) | |
| T. Smith, Lt. of the Oak Unit; ) | |
| NFN Ms. Price, Contraband Sgt. of Palmetto; ) | |
| NFN Seward, Capt./Major; ) | |
| NFN Dubose, Capt.; ) | |
| NFN Ms. Clauder, Officer at Medical; ) | |
| Marvin F. Kittrell, Chief Administrative Judge; ) | |
| David M. Tatarsky, Staff Attorney; ) | |
| Robert (Bob) Wesley Jacobs, Staff Attorney; ) | |
| John or Jane Doe, General Counsel's Office; ) | |
| Oscar A. Faulkenberry, Warden/Retired, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, William C. McKinnedy (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint includes numerous SCDC employees and government officials as Defendants.[2]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, several Defendants named in the *pro se* complaint are entitled to summary dismissal from the action.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

## **Background**

Plaintiff's complaint against the Defendants makes allegations of discrimination, retaliation, deliberate indifference to health and/or safety, excessive force, violation of due process rights, violation of equal protection rights and deprivation of property.  Plaintiff's

complaint discusses the denial of several grievances he has filed, and many of the Defendants are named in their supervisory capacities, or for their respective roles in processing Plaintiff's grievance forms.

Plaintiff initially indicates that he was "wrongly convicted of an "854" charge in September of 2008, and placed in a pink jumpsuit. Plaintiff does not indicate how wearing a pink jumpsuit has implicated his constitutional rights. Instead, Plaintiff appears to offer this information as a reason for his decision to file the instant action regarding various other allegedly discriminatory and retaliatory actions taken by the Defendants over the past few years. *See* Plaintiff's complaint, statement of claim, page 3.

The first grievance (Grievance No. 1399-06) Plaintiff addresses regards his exposure to chemical munitions by Defendant Clauder in September of 2006. Plaintiff was at "medical in the sitting area" when another inmate physically assaulted Defendant Clauder. Plaintiff indicates that he intervened, giving Defendant Clauder "enough time to regain [consciousness]." Defendant Clauder allegedly sprayed "several bursts" of mace, which made contact with the Plaintiff. Plaintiff states he has chronic eczema, which was exacerbated by the chemical munitions, causing "burning/itching." Plaintiff claims "unconstitutional violations" resulted from "SCDC's polic[ies] and procedures (practices)" regarding the use of chemical munitions. Plaintiff names the following Defendants in their supervisory capacity regarding this incident: Capt. Dubose; Major Neisman; Major Washington; and Asso. Warden Beckwith. *See* Plaintiff's complaint, statement of claim, page 4, page 2 of 13.

Plaintiff next discusses a grievance (Grievance No. 1305-06), which resulted from Plaintiff being forced to change cells in the middle of the night by Defendant Capt./Maj.

4

Seward. Plaintiff indicates that another inmate accused Plaintiff of making a threat. The inmate refused to "sign into 'protective custody,'" therefore, Defendant Seward moved Plaintiff to another cell. Plaintiff claims his removal from the cell violated SCDC's policies and procedures. Plaintiff also states that Defendant Seward's actions were discriminatory, and made in retaliation for a lawsuit Plaintiff filed against this Defendant in 2002. Plaintiff further states that he remained on the same wing as the accusing inmate, placing Plaintiff in "substantial risk of violence." Therefore, Plaintiff also alleges that Defendant Seward was deliberately indifferent to Plaintiff's health and safety. *See* Plaintiff's complaint, statement of claim, page 3 of 13, 4 of 13.

Plaintiff then alleges that he was deprived of personal property by Defendant James Wakeley. Plaintiff states that Defendant Wakeley confiscated a key, which had been issued to the Plaintiff by SCDC. Plaintiff names Defendants Lt. T. Smith and Sgt. Price as individuals responsible for Defendant Wakeley's supervision. Defendants James Baytes and Robert (Bob) Huggins are named as SCDC employees responsible for failing to properly advise Plaintiff of SCDC policies regarding contraband. This incident resulted in Grievance No. 1428-06. *See* Plaintiff's complaint, statement of claim, page 5 of 13.

Plaintiff indicates that he filed step one and two institutional grievances regarding all of the above incidents. Plaintiff claims that the grievances were not timely processed and that SCDC's grievance policy is inadequate and violates "due process & equal protection." Plaintiff names the following Defendants for the allegedly unconstitutional grievance procedures: SCDC Director Jon E. Ozmint; Governor Mike Sanford; and Attorney General Henry McMaster. In addition, several Defendants are named as having a part in investigating, processing and/or denying these grievances to include Defendants:

A. Hardin, Cecil Reynolds, Oscar A. Faulkenberry, Investigator Robinson, Robert (Bob) E. Ward, Sondra Bowie, and Mary Coleman.

After exhausting the institutional grievance system, Plaintiff appealed the denial of grievance no.'s 1399-06, 1305-06, and 1428-06 to the Administrative Law Court (ALC). Chief Administrative Law Court Judge Marvin F. Kittrell, and Administrative Law Court Judge John D. McLeod are named as the ALC Judges which decided Plaintiff's appeals. Defendant McLeod issued an Order which dismissed Plaintiff's appeals as frivolous and recommended a sanction of fifteen (15) days of good time credit against Plaintiff. Plaintiff indicates the Defendant Judges acted in a retaliatory and discriminatory manner in their handling of Plaintiff's appeals. *See* Plaintiff's complaint, statement of facts, page 2 of 13, 8 of 13.

Finally, Plaintiff complains of due process violations during a disciplinary hearing held on August 2, 2007. Plaintiff appeared before Defendant A. Seller, Disciplinary Hearing Officer (DHO), who imposed the fifteen (15) day good time credit sanction recommended in Defendant Judge McLeod's Order. Plaintiff claims he did not receive "timely notice" of the hearing and further claims that he was denied the right to a counsel substitute, Defendant Jerome Armstrong. Plaintiff also indicates that Defendant Ozmint was negligent in performing his required duties "as stipulated under § 24-27-220" to approve or deny Defendant McLeod's recommended sanctions. *See* Plaintiff's complaint, statement of claim, page 10 of 13, page 11 of 13. Plaintiff claims Defendant Senator Mike Fair is "liable for not recommending that such a policy § 24-27-200 should not be enforced

6

without legislature(s) intent at § 24-27-220."[3]  *See* Plaintiff's complaint, statement of claim, page 9 of 13.

Plaintiff filed another grievance regarding this institutional conviction (Grievance No. 1482-07), which was ultimately denied by Defendant John or Jane Doe, whose illegible signature appears in the "Responsible Official's Decision and Reason" section of Plaintiff's Step2 grievance form, submitted as an attachment to Plaintiff's complaint.  Again, Plaintiff claims that SCDC's grievance procedures are inadequate and names Staff Attorneys David M. Tatarsky and Barton Jon Vincent as individuals "liable for not letting SCDC's official grievance branch know that SCDC's policy or procedures" are inadequate and violate inmate rights, when not properly enforced.  Plaintiff stated Robert (Bob) Wesley Jacobs, Esq., is "liable for not reporting SCDC to the Attorney General's Office for SCDC's inadequate polic[ies] and unconstitutional practices."  *See* Plaintiff's complaint, statement of claim, page 12 of 13.

Plaintiff seeks "pardon of this instant sentence and conviction . . . for putting my life in jeopardy saving Ofc. Clauder's life," transfer to another institution, and monetary damages. [4]

---

[3] S.C. Code Ann. § 24-27-200 deals with forfeiture of a prisoner's earned work, education, or good conduct credits.  Section 24-27-220 discusses a Director's discretion in determining whether a prisoner's earned credits should be forfeited.

[4] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254.  To the extent Plaintiff seeks release from prison, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

**Discussion**

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff brings his action against various state employees, three of the above-named Defendants are immune from suit under § 1983. First, judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Such immunity has been extended to Administrative Law Court Judges. *See Butz v. Economou*, 438 U.S. 478, 513-

8

514 (1978); *South Carolina State Ports Authority v. Federal Maritime Com'n*, 243 F.3d 165, 174 (4th Cir. 2001). In the instant action, Plaintiff claims Defendants Marvin F. Kittrell and John D. McLeod, South Carolina Administrative Law Court Judges, violated Plaintiff's constitutional rights by dismissing his appeals as frivolous and recommending that Plaintiff be sanctioned. As Plaintiff's allegations against Defendants Kittrell and McLeod relate to their judicial actions, these two Defendants are absolutely immune from suit and are entitled to summary dismissal from this action.

Second, Defendant Senator Mike Fair is named in the instant complaint for failing to recommend that a state policy or law should "not be enforced without legislature(s) intent." However, the United States Supreme Court has held that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 48-49 (1998). *See also Tenney v. Brandhove*, 341 U.S. 367, 372-375 (1951); *Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 300-301 (4th Cir. 1995)(recognizing long tradition of granting legislators at all levels of government a broad immunity from suits based upon legitimate legislative activity). As Plaintiff named Defendant Fair for apparent legislative inaction regarding a South Carolina law, this Defendant is immune from suit and should be dismissed from the instant action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process for the following Defendants: John D. McLeod, Marvin F. Kittrell, and Mike Fair. Process shall

9

issue for service of the remaining Defendants. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

                                                                  s/William M. Catoe  
                                                                  United States Magistrate Judge

October 22, 2008  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).