IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William C. McKinnedy, III, #256024, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-3169-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Mrs. Cecil Reynolds, Warden at Kershaw Correctional Institution; Mr. Robert (Bob) E. Ward, Regional Director; Jon E. Ozmint, Director of SCDC; Mark Sanford, Governor of South Carolina; Mike Fair, Senator of South Carolina; Henry Dargon McMaster, Attorney General; John D. McLeod, Administrative Law Judge; Barton Jon Vincent, Staff Attorney; Ms. Mary Coleman, Grievance Branch Chief; Ms. Sandra Bowie, Grievance Branch Assistant; Ms. A. Hardin, Grievance Clerk; Mrs. A. Sellers, DHO Captain; Jerome Armstrong; Counsel Substitute; NFN Robinson, Investigator; James Wakeley; Contraband- Cpl./Sgt.; NFN Beckwith, Associate Warden for Security; James Baytes, Commissary; Robert (Bob) Huggins, Commissary; Darwin Neisman, Major of Security; Jerry Washington, Major/Asso. Warden; T. Smith, Lt. of the Oak Unit; NFN Ms. Price, Contraband Sgt. of Palmetto; NFN Seward, Capt./Major; NFN Dubose, Capt.; NFN Ms. Clauder, Officer at Medical; Marvin F. Kittrell, Chief Administrative Judge; David M. Tatarsky, Staff Attorney; Robert (Bob) Wesley Jacobs, Staff Attorney; John or Jane Doe, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| General Counsel's Office; | ) |
| Oscar A. Faulkenberry, Warden/Retired, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  William C. McKinnedy ("McKinnedy"), a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983.  In his Report, Magistrate Judge Catoe recommends dismissing the complaint without prejudice and without issuance and service of process as to Defendants John D. McLeod, Administrative Law Judge ("Judge McLeod"); Marvin F. Kittrell, Chief Administrative Judge ("Chief Judge Kittrell"); and South Carolina Senator Mike Fair ("Senator Fair").

McKinnedy filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

Upon review, the court finds that many of McKinnedy's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. McKinnedy objects to Magistrate Judge Catoe's recommendation to dismiss Judge McLeod, Chief Judge Kittrell, and Senator Fair as defendants in this action based on absolute immunity arguing that they are only entitled to qualified immunity. This objection is without merit.

McKinnedy alleges that Judge McLeod and Chief Judge Kittrell violated his civil rights by dismissing his appeals and recommending sanctions against McKinnedy. Judges are absolutely immune from a claim for damages arising out of their judicial actions. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, judicial immunity applies to administrative law judges. South Carolina State Ports Auth. v. Fed. Maritime Com'n, 243 F.3d 165, 174 (4th Cir. 2001). In addition, Senator Fair is entitled to absolute immunity. "[S]tate and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the complaint is dismissed without prejudice and without issuance and service of process as to Judge McLeod, Chief Judge Kittrell, and Senator Fair.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
November 14, 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.