IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William C. McKinnedy, III, ) | |
| ) | Civil Action No. 6:08-3169-HMH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Mrs. Cecil Reynolds, Warden at ) | |
| Kershaw Correctional Institution, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for default judgment (doc. 114). The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. The plaintiff alleges a myriad of claims against South Carolina Department of Corrections ("SCDC") staff, state government officials, and two Administrative Law Court judges.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

An order was issued on January 16, 2009, directing the plaintiff to provide information needed for service on defendants Patterson, Robinson, Price, Clauder, and Neisman. On January 27, 2009, the plaintiff provided updated service documents for defendants Patterson, Robinson, Price, and Clauder. No updated service documents were received for defendant Neisman. On May 11, 2009, this court granted the plaintiff an

extension of 45 days for service of process to be effected on defendants Patterson, Robinson, Price, and Clauder.

On May 4, 2009, the plaintiff moved for default judgment as to defendants Price, Clauder, Patterson, Robinson, and Neisman. The defendants oppose the motion, arguing that as they have not yet been served with the complaint they cannot be held in default. This court agrees. The defendants further move that they be dismissed from the case as the time for service under Federal Rule of Civil Procedure 4(m) has expired. As noted above, this court has granted the plaintiff an extension of 45 days for service of process to be effected on defendants Patterson, Robinson, Price, and Clauder. Accordingly, dismissal for failure to timely serve is inappropriate as to those defendants at this time. However, the plaintiff has failed to timely provide information needed for service on defendant Neisman, as ordered by this court on January 16, 2009. Accordingly, this court recommends that defendant Neisman be dismissed from the case based upon the plaintiff's failure to timely serve this defendant. *See* Fed. R. Civ. P. 4(m) (providing that unless a defendant is served within 120 days after the complaint is filed, a court may dismiss an action without prejudice as to that defendant).

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for default judgment (doc. 114) be denied and further recommends that defendant Neisman be dismissed from this action without prejudice.

                 s/William M. Catoe
                 United States Magistrate Judge

May 11, 2009

Greenville, South Carolina