IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William C. McKinnedy, III, | ) |
| | ) Civil Action No. 6:08-3169-HMH-WMC |
| Plaintiff, | ) |
| | ) **O R D E R** |
| vs. | ) |
| | ) |
| Mrs. Cecil Reynolds, Warden at | ) |
| Kershaw Correctional Institution, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on the plaintiff's motions to compel (doc. 125) and to amend (doc. 150). The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. The plaintiff alleges a myriad of claims against South Carolina Department of Corrections ("SCDC") staff, state government officials, and two Administrative Law Court judges.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff has moved to compel responses to his interrogatories, requests to produce, and requests to admit. The defendants oppose the motion. In his discovery requests, the plaintiff did not set forth any specific factual statements to be admitted or denied, but instead asked questions and asked that documents be produced. The defendants noted in their responses to his discovery requests that to the extent the plaintiff considered his discovery requests to be requests to admit, the defendants objected to each of the requests on the grounds that all requested information did not make a statement that the defendants could either admit or deny. The defendants objected to a number of the plaintiff's requests on the basis that it was unclear what the plaintiff was requesting or he was

simply asking for a legal opinion. This court has reviewed the discovery responses provided by the defendants, which were attached to the plaintiff's motion. The court hereby finds that the defendants adequately responded to the plaintiff's discovery. Accordingly, the plaintiff's motion to compel is denied.

On June 26, 2009, the plaintiff filed his fourth motion to amend his complaint, stating that he needs to establish jurisdiction and that the defendants are sued in their individual capacities. The defendants concede that the court has jurisdiction, and they acknowledge that the plaintiff has sued them in their individual complaints. The plaintiff in his proposed amended complaint mainly restates the allegations set forth in his prior complaints. The plaintiff does include some additional allegations concerning his criminal conviction and sentence, but these are from 2000, and the statute of limitations would clearly have run. Accordingly, such an amendment would be futile. Further, the plaintiff has named over 30 defendants in his prior complaints, and the defendants have expended a tremendous amount of time and resources in addressing these claims. The defendants have filed a motion for summary judgment, and the defendants state that they have submitted an amended motion for summary judgment to address the claims against the defendants who have been served since the original motion was filed. The defendants argue that they should not be required to expend additional time and resources at this late stage of the litigation to again revise their motion to address new allegations raised by the plaintiff. This court agrees. The issues stated by the plaintiff of jurisdiction and that defendants are sued in their individual capacities are resolved, and there is no basis for the plaintiff to again amend his complaint. Accordingly, the motion to amend is denied.

Wherefore, based up the foregoing, the plaintiff's motions (doc. nos. 125 and 150) are denied.

IT IS SO ORDERED.

July 9, 2009                                         s/William M. Catoe
Greenville, South Carolina                           United States Magistrate Judge

2